IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DEREK MATTHEW ORME,

    Plaintiff,

v.                                Case No. 2:22-cv-00092

CHARLESTON POLICE DEPARTMENT,
CITY OF CHARLESTON,
CHARLESTON COURTHOUSE, and
OFFICER J.L. OWENS, Charleston Police Department,

    **Defendants.**

**PROPOSED FINDINGS AND RECOMMENDATION**

This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The matter is before the court for initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B).

### I.    PLAINTIFF'S ALLEGATIONS

On February 22, 2022, Plaintiff filed a Complaint under 42 U.S.C. § 1983 against the Charleston Police Department ("CPD"), the City of Charleston, the "Charleston Courthouse," and City of Charleston Police Officer J.L. Owens ("Owens"). (ECF No. 2). The Complaint alleges that, on May 5, 2019, Owens conducted a search of Plaintiff's vehicle and located drugs therein. (*Id.* at 4). Plaintiff contends that he did not consent to the search, but a K-9 alerted on the vehicle leading to discovery of the drugs. (*Id.*) After Plaintiff admitted to doing drugs approximately two hours prior to driving, Owens

arrested him for driving under the influence ("DUI") and drug possession. (*Id.*) According to the complaint, at the CPD station, after a field sobriety test was conducted, Plaintiff refused to execute a forfeiture notice for $5,000 that was seized from his vehicle, which Plaintiff contended were the proceeds from the sale of other vehicles. (*Id.* at 5). The complaint appears to allege that Owens forced Plaintiff to sign the papers under threat of being put in jail. (*Id.* at 5-6). Plaintiff further alleges that Owens gave him three phone numbers to call to discuss the forfeiture, but he contends that he received no response to his phone calls. (*Id.* at 6). He further contends that, when his attorney attempted to address the forfeiture issue, the prosecutor refused to return the money and told his counsel that Plaintiff had signed the money over. (*Id.*) The complaint further appears to allege that Plaintiff was never prosecuted on any criminal charges. (*Id.*) Plaintiff seeks the return of his $5,000 and any other appropriate relief. (*Id.* at 5).

## II.   STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss a claim if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. A similar screening is conducted of complaints filed by a plaintiff who is proceeding *in forma pauperis*, as Plaintiff is here.

Pro se complaints, such as this, are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in

the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly

3

give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted); *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### III. DISCUSSION

#### A. *The CPD is not a separate suable entity.*

The City of Charleston's Police Department is not a separate suable entity. Rather, police departments "are subject to the authority, control and discipline of the municipalities that create them. *See West Virginia Code* § 8-14-1. This United States District Court has previously addressed this issue and found that city police departments are not separate suable entities from the municipality that created them and, thus, the police department should be dismissed as a defendant. *See Weigle v. Pifer*, 2:14-cv-15087 (S.D. W. Va. Apr. 30, 2015) (Copenhaver, J.) (wherein the court "concluded that the Vienna police department [was] not a proper party and should be dismissed") (citing *Tofi v. Napier*, No. 210-cv-01121, 2011 WL 3862118 at *12 (S.D. W. Va. Aug. 21, 2011) (Johnston, J.) (granting a motion to dismiss claims against the City of Charleston Police Department because it "is not a separate entity from the City of Charleston and has no legal existence independent from the City."); *Harrison v. Burford*, No. 2:11-cv-00700, 2012 WL 2064499, at *4 (S.D. W. Va. June 7, 2012) (Goodwin, J.). Thus, because the City

of Charleston is named as a defendant, the presiding District Judge should dismiss the CPD as a duplicative and inappropriate defendant.

   *B. The "Charleston Courthouse" is not a suable entity.*

   Plaintiff has also named the "Charleston Courthouse" as a defendant herein. It is unclear whether Plaintiff is referring to the City of Charleston's Municipal Court or the Kanawha County Circuit Court with this reference. Either way, Plaintiff is essentially referring only to a building, which is not a suable entity. Therefore, the undersigned proposes that the presiding District Judge **FIND** that the "Charleston Courthouse" is not a proper defendant.

   A liberal interpretation of Plaintiff's complaint suggests that he may be intending to sue the Kanawha County Prosecuting Attorney or one of his assistants on the basis that Plaintiff's money was allegedly improperly withheld from him. Plaintiff is notified that, if that was his intent, in order to proceed on any such claim, he will be required to move for leave to amend his complaint to name the proper defendant(s) and he must specifically identify the individual or individuals he seeks to hold liable and state the specific constitutional right that was violated and specific facts concerning the conduct of such defendants that allegedly violated Plaintiff's constitutional rights.

          IV. RECOMMENDATION

   For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the Charleston Police Department and the "Charleston Courthouse" as defendants herein. By separate document, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees and Costs and ordered service of process on the City of Charleston and Officer Owens.

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff.

May 11, 2022

Dwane L. Tinsley
United States Magistrate Judge