IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

DEREK MATTHEW ORME,

    Plaintiff,

v.                                          Case No. 2:22-cv-00092

CITY OF CHARLESTON and
OFFICER J.L. OWENS,

    Defendants.

**PROPOSED FINDINGS AND RECOMMENDATION**

    This matter is assigned to the Honorable John T. Copenhaver, Jr., Senior United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Pending before the court is the City of Charleston and Officer J.L. Owens' Motion to Dismiss (ECF No. 9).  For the reasons stated herein, it is respectfully **RECOMMENDED** that the motion to dismiss be **GRANTED** and this civil action be dismissed from the docket of the court.

    I.      *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

    On February 22, 2022, Plaintiff filed a complaint, purportedly under 42 U.S.C. § 1983, alleging that, on May 5, 2019, Officer J.L. Owens ("Owens") of the Charleston Police Department ("CPD") conducted an unlawful search of Plaintiff's vehicle, unlawfully arrested Plaintiff, and unlawfully forced the Plaintiff to sign a document forfeiting $5,000 in currency found in Plaintiff's vehicle.  Specifically, Plaintiff alleges that he did not consent to the search of his vehicle, but a K-9 subsequently alerted on

the vehicle, resulting in Owens' discovery of a small quantity of drugs (believed to be cocaine) and $5,000 in currency in the vehicle. After Petitioner admitted to "doing a line" about two hours prior, Owens arrested him for driving under the influence ("DUI") and drug possession. Plaintiff was then taken to the CPD where he was given a field sobriety test and allegedly threatened with being jailed by Owens if he did not sign an administrative forfeiture notice form regarding the $5,000 found in the vehicle. Plaintiff contends that the money was proceeds from the sale of other vehicles. He further contends that his efforts to seek return of the money were stonewalled by the City of Charleston and the prosecutor's office and that he and his attorney were advised that he had agreed to forfeit the money when he signed the form. He now seeks recovery of the $5,000.

On May 11, 2022, the undersigned submitted a Proposed Findings and Recommendation ("PF&R") recommending dismissal of the CPD and "the Charleston Courthouse" as improper defendants. (ECF No. 4). That PF&R was adopted by the presiding District Judge on September 21, 2022. (ECF No. 24). Accordingly, this matter is now only proceeding against Owens and the City of Charleston (hereinafter collectively referred to as "Defendants").

On June 1, 2022, Defendants filed a Motion to Dismiss (ECF No. 9) and Memorandum of Law in support thereof (ECF No. 10) asserting that Plaintiff's complaint is barred by the applicable two-year statute of limitations. Thereafter, Plaintiff responded to the motion to dismiss (ECF No. 18) and Defendants filed a reply (ECF No. 20). This matter is ripe for resolution.

## II. STANDARD OF REVIEW

In general, a pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))). However, to withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). A complaint that alleges enough facts "to satisfy the elements of a cause of action created by [the relevant] statute" will survive a motion to dismiss. *Id.* at 648 (quoting *McCleary-Evans*, 780 F.3d at 585).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific

3

task that requires [this Court] to draw on its judicial experience and common sense." *Id*. "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted). This Court construes a *pro se* plaintiff's allegations "liberally," but the complaint must nonetheless "contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Territory*, 841 F.3d 632, 637 (4th Cir. 2016).

### III. DISCUSSION

The undersigned construes Plaintiff's allegations to be raising claims of unlawful search and seizure arising under the Fourth Amendment. Such claims are actionable in federal court under 42 U.S.C. § 1983, which provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. While not in itself a source of substantive rights, section 1983 provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To successfully establish a section 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a

4

person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Because § 1983 does not contain its own statute of limitations, a claim brought thereunder borrows the statute of limitations that the forum state uses for general personal injury cases. *Owens v. Okure*, 488 U.S. 235, 249-50 (1989). In West Virginia, that statute of limitations is two years. See W. Va. Code § 55-2-12; *see also Courtney v. Courtney*, 437 S.E.2d 436, 440 (W. Va. 1993). However, federal law controls when a cause of action accrues. *See Cox v. Stanton*, 529 F.2d 47, 50 (4th Cir. 1975). The statute of limitations begins to run when the "plaintiff possesses sufficient facts about the harms done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 404-05 (4th Cir. 2014) ("Generally speaking, a federal claim 'accrues when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred,' and therefore [the court] 'typically determine[s] the accrual of a § 1983 action by looking to the event that should have alerted the typical lay person to protect his or her rights.'") (citation omitted).

Defendants assert that Plaintiff clearly knew that he suffered any unlawful search and seizure of himself and his money on May 5, 2019, when the search of his vehicle and his arrest occurred and the money was seized. Accordingly, Defendants contend that the statute of limitations applicable to his Fourth Amendment claims expired on May 5, 2021. Consequently, since the complaint was not filed until February 22, 2022, more than a year after the statute of limitations ran, Defendants assert that Plaintiff's claims are barred, and the complaint must be dismissed.

Plaintiff's response suggests that he was relying on his retained and court-appointed counsel to address the recovery of the currency and that he was not aware until January of 2022 that he needed to file a civil suit to attempt to recover the money. (ECF No. 18 at 2-3). He also appears to be arguing that his state court proceedings were delayed throughout 2020 because of the Covid-19 pandemic and were not resolved until December of 2021 and that "the lawsuit would have been filed sooner if the magistrate courts would have provided the jury trial the Plaintiff requested several times, throughout the period all on file." (*Id.* at 3). Plaintiff further contends that "[i]t was not [his] fault that counsel did not inform him what was going on or what he needed to do . . . ." (*Id.* at 3). Thus, Plaintiff appears to be asserting that equitable tolling of the statute of limitations is appropriate here.

The doctrine of equitable tolling allows a court to pause the running of the statute of limitations where extraordinary circumstances have been demonstrated, but only in very limited instances. *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 114 (2013); *Chao v. Va. Dep't of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) (describing the circumstances in which equitable tolling may apply as "quite narrow"). "[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Id.* Thus, to invoke equitable tolling, Plaintiff must demonstrate both that extraordinary circumstances prevented him from timely bringing suit and that he was diligent in attempting to do so. *United States v. Kwai Fun Wong*, 575 U.S. 402, 408 (2015) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)). Equitable tolling is not appropriate where the claimant "failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 96 (1990).

6

Defendants' reply reiterates their argument that Plaintiff's complaint was untimely filed and further asserts that equitable tolling of the statute of limitations is not appropriate. Their reply further states:

> Plaintiff does not dispute that his claims are time barred. Rather, Plaintiff discusses his communications with and change of counsel throughout his various court proceedings. Plaintiff further argues that the COVID-19 pandemic caused other legal action, including criminal actions against him, to be delayed.

(ECF No. 20 at 2-3).

As aptly noted by Defendants, however, several courts have recently held that a "petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making passing reference to the pandemic or resulting lockdown." *United States v. Aigbekaen*, Crim. No. JKB-15-0462, 2021 U.S. Dist. LEXIS 86654, 2021 WL 1816967, at *1 (D. Md. May 6, 2021); *see also United States v. Callaham*, No. 1:08CR00052-001, 2021 U.S. Dist. LEXIS 105433, 2021 WL 2284606, at *2 (W.D. Va. June 4, 2021) ("Courts have held that 'the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis.") (citations omitted). (*Id*. at 3). Rather, Plaintiff must "allege with specificity the steps he took to diligently pursue his federal claims." *Welch v. Nelson*, No. 5:21-cv-767-MGL-KDW, 2022 WL 2068769, at *5 (D.S.C. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 2067883 (D.S.C. June 8, 2022) (quoting *Yang v. Archuleta*, 525 F.3d. 925, 930 (10th Cir. 2008)). Plaintiff has not sufficiently advanced facts demonstrating that he diligently pursued his federal claims but was prohibited from doing so based upon the Covid-19 pandemic.

Moreover, Plaintiff's contention that he "was unaware he had to file a civil suit[] until 2022" is of no moment because, as also stated by Defendants, "even in the case of

7

an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling" of the statute of limitations. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted."); *see also United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002) ("[A] petitioner's own ignorance or mistake does not warrant equitable tolling. . . ."); *Delaney v. Matesanz*, 264 F.3d 7, 15 (1st Cir. 2001) (rejecting the argument that a pro se prisoner's ignorance of the law warranted equitable tolling); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). (*Id.* at 3).

Additionally, the United States Supreme Court and the Fourth Circuit have both held that attorney error generally does not warrant equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 656 (2010) ("Attorney ignorance or inadvertence is not 'cause' because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error. . . ." (quotation marks and citation omitted) and reaffirming that "a garden variety claim of excusable neglect" does not warrant equitable tolling); *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir. 2003) (mistake by attorney in interpreting a statute of limitations is not an extraordinary circumstance beyond the party's control warranting equitable tolling); *Parent v. DeJoy*, No. 5:21-cv-00439, 2022 WL 3442493, at *4 (S.D.W. Va. Aug. 16, 2022) ("the litigant risks the downfall of his case through his attorney's errors" thus "attorney error generally does not warrant equitable tolling.").

Plaintiff's cause(s) of action undisputedly arose on May 5, 2019, when he claims he was unlawfully detained and his currency was improperly seized. Clearly, he knew or should have known the basis for his alleged injury at that time. Thus, the two-year

8

statute of limitations on his Fourth Amendment claims expired on May 5, 2021. Furthermore, Plaintiff's alleged arguments for equitable tolling of the statute of limitations based upon the conduct of his counsel, his own ignorance of the law, and the alleged affect of the Covid-19 pandemic are insufficient bases to warrant equitable tolling of the statute of limitations. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's February 22, 2022 complaint is time-barred.

## IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** Defendants' Motion to Dismiss (ECF No. 9) and dismiss this matter from the docket of the court.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to the plaintiff and to transmit a copy to counsel of record.

October 17, 2022

Dwane L. Tinsley
United States Magistrate Judge