```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DEREK MATTHEW ORME,**

       Plaintiff,

v.                          Civil Action No. 2:22-cv-00092

**CITY OF CHARLESTON and
OFFICER J.L. OWENS,**

       Defendants.

### MEMORANDUM OPINION AND ORDER

Pending is defendants' motion to dismiss, ECF 9, filed on June 1, 2022. This motion is ripe for adjudication.

### I.  Procedural Background

Derek Matthew Orme ("Mr. Orme") proceeding pro se, filed his complaint on February 22, 2022, ECF 2, alleging claims against defendants under 42 U.S.C. § 1983. This action was then referred to Dwane L. Tinsley, United States Magistrate Judge, who on October 17, 2022, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). ECF 27. The PF&R provided that, if service was performed electronically, objections were due on October 31, 2022. Id. at 9. However, if the PF&R was served by mail, objections were due by November 3, 2022. Id. On November 7,

2022, Mr. Orme filed his objections with the court.  ECF 28.  His objections were filed by mail and the envelope was postmarked November 4, 2022.  Id. at 3.  Although objections to a magistrate judge's PF&R must be filed timely, the court will still consider Mr. Orme's objections for two reasons.  First, the PF&R was served on Mr. Orme by mail, and he filed his objections through the mail.  Second, Mr. Orme claims he "has just recently been released and just able to file the response." Id. at 2.  Based on these factors, the court finds leniency is appropriate and will consider the objections filed by Mr. Orme.

## II.  Factual Background

Mr. Orme alleges in his complaint that City of Charleston Police Officer, J.L. Owens ("Officer Owens"), effectuated a traffic stop on him on May 5, 2019.  ECF 2 at 4.  After pulling over Mr. Orme's vehicle, Officer Owens asked to conduct a search of the vehicle.  Id.  Mr. Orme refused to consent to a search.  Id.  Officer Owens detained Mr. Orme in the back of his police cruiser and then "deployed a K9" on his car.  Id.  During the encounter, Mr. Orme admitted to having done "a line [of drugs]," "about two hours prior" to the traffic stop.  Id.  Along with a small quantity of drugs, Officer Owens also discovered $5,000 in Mr. Orme's vehicle.  Id. at 4-5.

Subsequently, Mr. Orme was charged with unlawful possession of a controlled substance and driving under the influence. Id. at 4. Mr. Orme was then taken to the Charleston Police Department where he was given a field sobriety test and was allegedly threatened with being jailed by Officer Owens if he did not sign an administrative forfeiture notice regarding the $5,000 found in his vehicle. Id. at 5. Mr. Orme claims the money came from the sale of vehicles. Id. He then alleges efforts to recover his money were stonewalled by the City of Charleston and the prosecutor's office. Id.

On February 22, 2022, Mr. Orme filed this suit against Officer Owens, the Charleston Police Department, the City of Charleston and the "Charleston Courthouse."[1] On June 1, 2022, the City of Charleston and Officer Owens filed a motion to dismiss, ECF 9, and accompanying memorandum of law. ECF 10. The defendants argue Mr. Orme's suit is barred by the statute of limitations. ECF 10 at 2-3. On July 22, 2022, Mr. Orme filed his response to the motion to dismiss. ECF 18. In his response, Mr. Orme claims dismissal is improper because it was his attorney's fault that he was not informed of the need to file a civil suit to attempt to recover his money and the COVID-

---

[1] On September 21, 2022, the court entered an order dismissing the Charleston Police Department and the "Charleston Courthouse" as improper defendants. ECF 24.

19 pandemic caused his underlying criminal case to not be resolved until December 2021. Id. at 1-3. Defendants filed a reply on July 27, 2022, in which they assert Mr. Orme has failed to show that the equitable tolling of the statute of limitations is appropriate in this instance. ECF 20 at 2-3.

On October 17, 2022, Magistrate Judge Tinsley issued his PF&R. ECF 27. The magistrate judge rejected Mr. Orme's equitable tolling arguments and recommended that the defendants' motion to dismiss be granted on statute of limitation grounds. On November 7, 2022, Mr. Orme filed his objections. ECF 28. In his objections Mr. Orme once more argues his failure to comply with the statute of limitations should be excused due to his lack of knowledge concerning the need to file a civil suit and the COVID-19 pandemic. Id. at 1-2.

### III. Governing Standards

A district court reviewing a magistrate judge's PF&R is required to "make a de novo review of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The court need not, however, conduct a de novo review when a party "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and

recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); Erickson v. Pardus, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds by Twombly, 550 U.S. at 563). Rule 8 does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint that "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). The "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level" such that relief is

"plausible." Twombly, 550 U.S. at 555-56. A "formulaic recitation of the elements of a cause of action will not do." Id. at 555.

Nevertheless, "a Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

Additionally, while the merits of an affirmative defense, such as the statute of limitations, generally cannot be decided under Rule 12(b)(6), there are "rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). When this occurs, "the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Id. However, "this principle only applies...if all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Id. (emphasis omitted).

## IV. Analysis

Here, while the allegations in Mr. Orme's complaint are not clear, the court finds he has attempted to raise a claim based on unlawful search and seizure under the Fourth Amendment. Such a claim is actionable in federal court under 42 U.S.C. § 1983, which provides:

> Every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress . . . .

42 U.S.C. § 1983. Section 1983, is not itself a source of substantive rights, but provides a "method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that describe it." Baker v. McCollan, 443 U.S. 144, n.3 (1979). To prevail on a § 1983 claim, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

The Supreme Court in Owens v. Okure, 488 U.S. 235 (1989), clarified that because § 1983 does not provide a statute of limitations period, the applicable limitations period is that of the state's general limitations period for personal injury actions. Accordingly, in West Virginia, this statute of limitations is two years. W.Va. Code § 55-2-12; see also Courtney v. Courtney, 437 S.E.2d 436, 440 (W. Va. 1993). Yet, federal law controls when a cause of action accrues, and thus, when the statute of limitations begins to run. See Smith v. Travelpiece, 31 F.4th 878, 833 (4th Cir. 2022) ("[G]eneral common-law principles, without regard to West Virginia's law, determine when the claim accrues and when the statute of limitations begins to run.") (citing Wallace v. Kato, 549 U.S. 384, 388 (2007)); Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975) ("The time of accrual of a civil rights action is a question of federal law.").

Generally, under federal common law principles, "accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." Travelpiece, 31 F.4th at 883 (quoting Wallace, 549 U.S. at 388) (cleaned up) (footnote omitted). However, this general rule "does not always control the start of a limitations period for a § 1983 claim." Travelpiece, 31 4th at 883 (quoting Owens v. Baltimore City State Attorney's Office, 767 F.3d 379,

389 (4th Cir. 2014)). The Fourth Circuit Court of Appeals has noted, if "the common law provides a distinctive rule for determining when the limitations period for a particular tort begins to run, a court must consider this refinement in determining when the limitations period for the plaintiff's analogous claim under § 1983 should commence." Id. (cleaned up).

In Travelpiece, our Circuit Court of Appeals considered when the statute of limitations begins to run in a § 1983 claim, based on an unlawful search and seizure under the Fourth Amendment. 31 F.4th at 882. To do this, the court had to identify the "best common-law-tort analogy." Id. at 885-87. The court determined "trespass is the most natural common-law analogy for a Fourth-Amendment unreasonable-search-and-seizure claim." Id. at 887. Thus, because a claim for trespass accrues at the time the trespass occurs, a § 1983 claim based on an unreasonable search and seizure under the Fourth Amendment also begins to accrue at the time of the search. Id.

In this instance, Mr. Orme alleges the unlawful search and seizure occurred on May 5, 2019.[2] ECF 2 at 4. Thus, under

---

[2] In his response in opposition to defendants' motion to dismiss, ECF 18, Mr. Orme discusses how, "[t]he occurance [sic] was in May 2019 which is approximately 3 years..." before suit was eventually filed. There can be no question that plaintiff's § 1983 based on an unlawful search and seizure under the Fourth Amendment accrued on May 5, 2019.

the foregoing principles Mr. Orme had until May 5, 2021, to file suit.  Quite clearly, as Mr. Orme did not file suit until February 22, 2022, his suit was untimely filed.

However, this does not end the court's analysis.  Mr. Orme argues in his response in opposition and objections to the PF&R that his delay in filing suit should be excused for two reasons.[3]  He first asserts the attorney representing him in the underlying criminal prosecution did not tell him until January 2022 that a civil suit was needed if he wanted to attempt to recover his money.  He also claims his prosecution in state court was delayed throughout 2020 due to the COVID-19 pandemic and thus, his failure to comply with the statute of limitations should be excused.  As explained below, the court is unimpressed by Mr. Orme's position.

In instances such as here, where "a federal statute is deemed to borrow a State's limitations period, the State's tolling rules are ordinarily borrowed as well."  Heimeshoff v. Hartford Life & Accident Ins. Co., 571 U.S. 99, 116 (2013).  While there is little West Virginia case law concerning the issue of equitable tolling, the doctrine is "part of the established backdrop of American law."  Massey v. Wriston, No.

---

[3] While Mr. Orme does not explicitly argue the equitable tolling of the statute of limitations is appropriate, the court construes his pleadings as making such an argument.

2:13-cv-08842, 2016 WL 5172811 (S.D. W. Va. Sept. 21, 2016) (Johnston, C.J.) (quoting Lozano v. Montoya Alvarez, 572 U.S. 1, 11 (2014)); see also Indep. Fire Co. No. 1 v. West Virginia Human Rights Com'n, 376 S.E.2d 612,614 (W. Va. 1988) (looking to federal law to determine applicability of equitable modification doctrines to West Virginia cause of action). Our Circuit Court of Appeals has noted equitable tolling is appropriate when "the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant," or when "extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time." Cruz v. Maypa, 773 F.3d 138, 145 (4th Cir. 2014) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (internal quotation marks omitted). Furthermore, "[e]quitable tolling is a rare remedy available only when the plaintiff has 'exercise[d] due diligence in preserving [his] legal rights.'" Cruz, 773 F.3d at 146-47 (quoting Irwin v. Dep't of Veterans Affs., 498 U.S. 89, 96 (1990)).

      In this instance, Mr. Orme's first ground for equitable tolling is based on his attorney's alleged error in not telling him of the need to file a civil suit to attempt to recover his money. However, the court is unpersuaded by this argument. The United States Supreme Court, lower federal courts and the Supreme Court of Appeals of West Virginia have all found

11

attorney error generally does not warrant equitable tolling. See Irwin, 498 U.S. 89 (declining to apply equitable tolling when plaintiff's complaint was filed after the statute of limitations expired due to attorney being out of the country); Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (finding attorney's error in calculating statute of limitations was not an extraordinary circumstance which prevented petitioner from complying with statute of limitations); Harris v. Hutchinson, 209 F.3d 325, 330-31 (4th Cir. 2000) (finding "innocent misreading of statutory provision" by attorney did not warrant use of equitable tolling); Parent v. DeJoy, No. 5:21-cv-00439, 2022 WL 3442493 (S.D. W. Va. Aug. 16, 2022) (refusing to apply equitable tolling when error by attorney caused suit to be filed after the statute of limitations expired) (Volk, J.); Perdue v. Hess, 484 S.E.2d 182, 183 (W. Va. 1997) ("We hold that the excusable neglect of an attorney does not toll the statute of limitations....").

In the case at hand, Mr. Orme has presented no evidence to show the alleged error of his attorney is an "extraordinary circumstance" which prevented him from timely filing this action. Moreover, he has presented no evidence to suggest he has "exercised due diligence" in preserving his legal rights. Accordingly, the court rejects Mr. Orme's tolling argument based on alleged attorney error.

Mr. Orme also argues tolling of the statute of limitations is warranted due to the COVID-19 pandemic causing his underlying criminal prosecution to be delayed. The court is once more unpersuaded by plaintiff's argument.

Courts faced with determining whether the COVID-19 pandemic is a sufficient reason to toll the statute of limitations have found a party seeking to invoke equitable tolling must make more than a "passing reference to the pandemic or resulting lockdown." United States v. Aigbekaen, Crim. No. JKB-15-0462, 2021 WL 1816967 (D. Md. May 6, 2021); see also United States v. Callaham, No. 1:08CR00052-001, 2021 WL 2284606 at *2 (W.D. Va. June 4, 2021) ("Courts have held that 'the COVID-19 pandemic does not automatically warrant equitable tolling for any movant who seeks it on that basis. The movant must establish that he was pursuing his rights diligently.'") (quoting Howard v. United States, No. 4:20-CV-1632 JAR, 2021 WL 409841 at *3 (E.D. Mo. Feb. 5, 2021)). Instead, a party must state with specificity how the COVID-19 pandemic prohibited the timely filing of suit. See Day v. White, 1:22-2-MSN-IDID, 2022 WL 4585522 (E.D. Va. Sept. 29, 2022); Holmes v. Warden Lee Corr. Inst., No. 6:22-1073-DCC-KFM, 2022 WL 4825281 (D. S.C. July 25, 2022) proposed findings and recommendation adopted 2022 WL 4808859 (D. S.C. October 3, 2022); Booker v. Clarke, No. 3:21-cv-212, 2022 WL 464554 (E.D. Va. Feb. 15, 2022).

Here, Mr. Orme has made only passing references to the COVID-19 pandemic. There is nothing before the court which shows Mr. Orme diligently pursued his legal rights, or that the pursuit of his legal rights was stifled by the COVID-19 pandemic. Thus, because Mr. Orme has failed to show how the COVID-19 pandemic prevented him from timely filing suit, the court finds equitable tolling on that ground is also inapplicable in this instance.

## V. Conclusion

Following a de novo review and having concluded that the objections lack merit it is ORDERED that the essence of the magistrate judge's PF&R be, and it hereby is, adopted and incorporated herein, and the plaintiff's claim is adjudicated to be barred by the statute of limitations. It is further ORDERED the defendants' motion to dismiss be, and it hereby is, GRANTED, and this case is dismissed.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: December 8, 2022

John T. Copenhaver, Jr.
Senior United States District Judge